**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

FREDERICK DOUGLAS VAUGHN        :

   Plaintiff                                            :

v                                                         :          Civil Action No. DKC-05-3308

ROBERT KUPEC, *et al.*                    :

   Defendants

o0o
## MEMORANDUM

Pending in the above-captioned case are Plaintiff's Motions for Appointment of Counsel. Papers No. 6 and 8. In addition, Plaintiff has requested copies of documents filed with one of his motion for purposes of enabling him to file another Motion for Appointment of Counsel. Paper No. 12. In his motions, Plaintiff cites his lack of ability to hire an attorney, his current assignment to disciplinary segregation, and his limited knowledge of law in support of his request for counsel. Paper No. 8.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*. Upon careful consideration of the motions and previous filings by Plaintiff, this court finds that he has demonstrated the wherewithal to either articulate the legal

---

[1] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

and factual basis of his claims himself or secure meaningful assistance in doing so. Moreover, Plaintiff's claim regarding an excessive use of force is not unduly complicated. Therefore, this court concludes that there are no exceptional circumstances at this time which would warrant the appointment of an attorney to represent plaintiff under § 1915(e)(1). His motions shall be denied without prejudice.

Plaintiff's request for copies of the letters attached to his Motion for Appointment of Counsel shall be granted in light of his allegation that he filed with this court the only copies he possessed.

A separate order follows.

   5/8/06     
Date

        /s/             
DEBORAH K. CHASANOW  
United States District Judge