# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

FREDERICK DOUGLASS VAUGHN          :

    Plaintiff                                     :

v                                                      :       Civil Action No. DKC-05-3308

ROBERT KUPEC, *et al.*                      :

    Defendants                              :

o0o

## **MEMORANDUM**

Pending in the above-captioned civil rights action is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 16. Plaintiff has opposed the motion[1] and the matter is now ripe for dispositive review. Paper No. 22. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendants' motion, construed as a Motion for Summary Judgment, shall be granted.

## Background

Plaintiff alleges that on January 29, 2004, while being escorted back to his disciplinary segregation cell, he saw his property being moved from his cell to another cell. Paper No. 1 at p. 4. Plaintiff questioned the officers about his property being moved and the officers allegedly swore at him, pushed him, and ordered him into the segregation cell. *Id*. Plaintiff claims he told the officer not to push him and in response, a chain was retrieved which was used to attach the handcuffs he was wearing to his cell door. *Id*. at p. 5. Plaintiff alleges that Defendants Culotta and Hubbard attached the chain and pulled on it very hard, causing the handcuffs to tighten on his wrists and cause him pain. *Id*. Plaintiff's hands allegedly remained cuffed behind his back with the chain

---

[1] Although Plaintiff was advised that an affidavit or statement under oath should be filed with his opposition response, he has failed to provide same.

attached to the door for approximately four hours. *Id.* He claims that he could not sit down and that he was forced to urinate on himself because he was not given a bathroom break. *Id.* After four hours had passed, the restraints were removed and a nurse examined Plaintiff and claimed he was not injured. *Id.* Plaintiff asserts, however, that the nurse failed to notice a small cut on the inside of his wrist. *Id.* Plaintiff also claims that the incident was humiliating and degrading and asserts that as a result of the incident he has nightmares and is taking medication to help him sleep. *Id.*

Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A]

complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324.  However, "'a mere scintilla of evidence is not enough to create a fact issue.'"   *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

## Analysis

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992).  This court must look at: the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably

perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U. S. 312, 321 (1986). "[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." *Norman v. Taylor*, 25 F. 3d 1259, 1264 (4th Cir. 1994).

Defendants do not dispute that Plaintiff was restrained as described in his complaint. Defendants explain, however, through declarations of those involved and certified records, the reason Plaintiff was restrained in this manner. The evidence establishes that Plaintiff, as a protest, refused to have the handcuffs removed and return to his assigned cell after Plaintiff took issue with the way his property was being handled. Defendants assert that the chain was attached to the handcuffs and secured to the door for Plaintiff's own safety, and correctional staff were instructed to check on Plaintiff every fifteen minutes to insure his safety was not compromised. Plaintiff was asked repeatedly if he wished to comply with the order to allow the handcuffs to be removed; he refused , however, to have them removed for four hours.[2] The restraints were finally removed four hours later when Plaintiff complied with the orders. Plaintiff has not attempted to controvert the evidence submitted by Defendants.

The alleged injuries suffered by Plaintiff were: redness and irritation to his wrists; being forced to urinate on himself; and emotional trauma. Paper Nos. 1 and 22. Assuming the allegations are true, the injuries alleged are *de minimus*. Plaintiff's restraint was required by his refusal to allow the handcuffs he was wearing to be removed, a fact that he has not disputed under oath. The use of force in this case was reasonably calculated to accomplish Plaintiff's compliance with a lawful

---

[2] Reports submitted with the motion indicate that while Plaintiff was restrained he made statements to correctional staff indicating that he was intentionally trying to hurt his wrists so that he could file a lawsuit for the damages caused. *See* Paper No. 16 at Ex. 2, 3, and 7 at p. 9, 11,12, and 13.

order. The reasonableness of the force used is also established by the absence of any significant injury to Plaintiff. Accordingly, Defendants are entitled to summary judgment in their favor. A separate Order follows.

\_\_\_7/19/06\_\_\_\_\_                                  _____/s/_____
Date                                                        DEBORAH K. CHASANOW
                                                            United States District Judge